EVGENY SWAROVSKI
Cal Bar #242882
PO Box 81
Pasadena, CA 91102
(626) 872-4252
(626) 410-1112 fax
Email: bonproject@gmail.com

Attorney for Plaintiff
and cross-defendant
InterLabService, OOO

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **INTERLABSERVICE, OOO, a Russian Limited Liability Company** <br> **Plaintiff,** <br> **vs.** <br><br> **ILLUMINA, INC., a Delaware Corporation;** <br> **ROES 1 THROUGH 10** <br> **Defendants** <br><br> **And related cross-actions** | **CASE NO. 3:15-cv-02171-AJB-KSC** <br><br> **FIRST AMENDED COMPLAINT for damages:** <br> 1. **Breach of Contract** <br> 2. **Common Counts** <br><br> **DEMAND FOR JURY TRIAL** |

FIRST AMENDED COMPLAINT

Plaintiff, INTERLABSERVICE, OOO, a Russian Limited Liability Company (ILS), by its undersigned counsel, represents as follows:

1. ILS brings this civil action to recover damages and other monetary relief for breach of contract and a related Common Counts claim. This action arises

from series of agreements with modifications and transactions lasting from April 28, 2011 through present.

2. JURISDICTION AND VENUE. The initial complaint in this case was filed in the Superior Court for the state of California County of San Diego on April 29, 2015 case 37-2015-00014358 CU-BC-CTL and was removed by defendant Illumina, Inc. (hereinafter ILLUMINA) to this Court on September 29, 2015 based on diversity of citizenship pursuant to 28 U.S.C. §1332. Therefore, the Court already has jurisdiction and the claims need no new jurisdictional support.

## GENERAL ALLEGATIONS

3. Plaintiff is ignorant of the true names and capacities of defendants sued herein as ROES 1 through 10, inclusive, and therefore sues these defendants by such fictitious names. Plaintiff will amend this complaint to allege their true names and capacities when ascertained. (Plaintiff is informed and believes and thereon alleges that each of these fictitiously named defendants is responsible in some manner for the occurrences herein alleged, and that plaintiff's damages as herein alleged were proximately caused by their conduct.

4. Plaintiff ILS is a limited liability company registered and headquartered in Moscow, Russia.

5. Defendant ILLUMINA is a Delaware corporation headquartered in San Diego, California.

6. Defendant Illumina Netherlands BV (hereinafter "BV"), on information and belief, is a fully owned subsidiary of INC registered in the Kingdom of Netherlands.

7. On or about April 28, 2011, ILS and ILLUMINA entered into ILLUMINA INC INTERNATIONAL DISTRIBUTOR Agreement (PRODUCTS SERVICES) which is attached to this complaint as exhibits 1 and 2 (two parts). Per section 13.1 of the 2011-2012 AGREEMENT its duration was set at twelve months. On or about July 13, 2012, ILS and ILLUMINA, INC agreed to extend duration of the agreement signed on April 28, 2011 through December 31, 2012 by signing an amendment which is attached to the complaint as exhibit 3. Both an agreement signed on April 28, 2011 and an amendment signed on July 13, 2012 are referred to as "2011-2012 AGREEMENT"

8. On or about January 1, 2013 ILS and ILLUMINA entered into ILLUMINA INC INTERNATIONAL DISTRIBUTOR Agreement (PRODUCTS SERVICES) which is attached to this complaint as exhibit 4 covering entire 2013 (hereinafter "2013 AGREEMENT").

9. On or about January 1, 2014 ILS and ILLUMINA entered into ILLUMINA INC INTERNATIONAL DISTRIBUTOR Agreement (PRODUCTS SERVICES) which is attached to this complaint as exhibits 5 and 6 (two parts) covering entire 2014 (hereinafter "2014 AGREEMENT").

10. 2011-2012 AGREEMENT, 2013 AGREEMENT, and 2014 AGREEMENT shall be referred to "ILLUMINA AGREEMENTS".

11. In addition, BV entered into a series of agreements with ILS since 2011 (attached as exhibit 7 to this complaint) dealing primarily with shipment of

parts and supplies to ILS. All agreements with BV are referred to BV AGREEMENTS. BV AGREEMENTS should be read in conjunction with ILLUMINA AGREEMENTS as they supplement each other.

12. In addition, ILLUMINA's Terms and Conditions referred to in the ILLUMINA AGREEMNTS section 11.1 which partially cover details of ILLUMINA warranty obligations attached to this complaint as exhibit 8 (referred to as "T&C"). T&Cs are undated but plaintiff believes and on this basis alleges that T&C were substantially similar from 2011 through now.

FIRST CAUSE OF ACTION: BREACH OF WRITTEN AGREEMENT

Against defendant INC and ROES 1 through 10

13. Plaintiff repeats and realleges and incorporates herein by reference each and every allegation and the whole of paragraphs above as though set forth in full.

14. The ILLUMINA AGREEMENTS are substantially unchanged from year to year. In general as read in conjunction with ILLUMINA's T&C they require ILS to provide warranty services to end customers who purchased ILLUMINA products through ILS with ILLUMINA reimbursing ILS for the expense of providing warranty services and warranty replacement parts.

15. ILS did all, or substantially all, of the significant things that the ILLUMINA AGREEMENTS required it to do/or it was excused from doing those things by failure of ILLUMINA to cooperate on parts, maintenance and warranty.

16. All conditions required by ILLUMINA AGREEMENTS for ILLUMINA's performance had occurred.

17. Defendant ILLUMINA to provide and or compensate for parts, maintenance and compensate ILS for warranty services the ILLUMINA AGREEMENTS

required to do. ILS was forced to provide warranty services, supplies and parts to customers who purchased equipment without any compensation from ILLUMINA.

18. Specifically, 2011-2012 AGREEMENT in section 11.1 incorporates ILLUMINA T&C extending twelve months warranty to end customers and authorizing ISL to extend mirror coverage to end customers. Section 7 of the T&C (ex 8) provides to hardware warranty of twelve months (no more than 15 months after product is shipped from ILLUMINA) and shorter period for "consumables" products (essentially - supplies). For end customers who purchased ILLUMINA products in 2011-2012, the valid warranty claims could be brought through-out 2013 and even later regardless renewal or non-renewal of the distributorship. ILLUMINA refused to honor warranty obligations contained in 2011-2012 AGREEMENT by forcing ILS to buy replacement warranty parts at own expense without reimbursement and extending significant services by ILS's qualified professionals to provide warranty repairs without compensation. The breach by ILLUMINA of 2011-2012 AGREMENT resulted in damages to ILS.

19. 2013 AGREEMENT in section 11.1 incorporates ILLUMINA T&C extending twelve months warranty to end customers and authorizing ISL to extend mirror coverage to end customers. Section 7 of the T&X (ex 8) provides to hardware warranty of twelve months (no more than 15 months after product is shipped from ILLUMINA) and shorter period for "consumables" products (essentially - supplies). For end customers who purchased ILLUMINA products in 2013, the valid warranty claims could be brought through-out 2014 and even later. ILLUMINA refused to honor

warranty obligations contained in 2013 AGREEMENT by forcing ILS to buy replacement warranty parts at own expense without reimbursement and extending significant services by ILS's qualified professionals to provide warranty repairs without compensation. The breach by ILLUMINA of 2013 AGREMENT resulted in damages to ILS.

20. 2014 AGREEMENT in section 11.1 incorporates ILLUMINA T&C extending twelve months warranty to end customers and authorizing ISL to extend mirror coverage to end customers. Section 7 of the Terms and Conditions (ex 8) provides to hardware warranty of twelve months (no more than 15 months after product is shipped from ILLUMINA) and shorter period for "consumables" products (essentially - supplies). For end customers who purchased ILLUMINA products in 2014, the valid warranty claims could be brought through-out 2015 and even later, despite non-renewal of the distributorship ILLUMINA refused to honor warranty obligations contained in 2014 AGREEMENT by forcing ILS to buy replacement warranty parts at own expense without reimbursement and extending significant services by ILS's qualified professionals to provide warranty repairs without compensation. Some end customers who purchased ILLUMINA equipment through ILS were also unable to use the equipment due to the fact that ILLUMINA refused to ship supplies required to operate the equipment either through ILS, directly or another distributor after expiration of 2014 AGREEMENT causing various claims for damages made by end customers.

21. All claims for support and warranty service for equipment sold by ILS under ILLUMINA AGREEMENTS were made through ILS.

22. The breach by ILLUMINA of ILLUMINA AGREMENTs resulted in

damages to ILS.  Plaintiff ILS was harmed by that failure which resulted in combined damages in excess of $500,000.00.

23. Plaintiff ILS will continue to suffer damages as new claims for warranty service are filed by customers resulting from the products sold under the ILLUMINA AGREEMENTS and T&C. Plaintiff ILS will also continue to suffer damages due to ILLUMINA's failure to maintain, service and supply equipment after January 1, 2015 sold through ILS prior to 2015, therefore, the amount of damages may increase prior to trial according to the proof.

### SECOND CAUSE OF ACTION: COMMON COUNTS

### Against defendant INC and ROES 1 through 10

24. Plaintiff repeats and realleges and incorporates herein by reference each and every allegation and the whole of paragraphs above as though set forth in full.

25. Within last two years, ILLUMINA became indebted to plaintiff in the sum of $500,000.00 representing the reasonable value of merchandize and services provided to Defendants' customers by Plaintiff on Defendant's request in the course of providing warranty service. There remains unpaid balance of $500,000.00 plus lawful interest thereon.

26. Although demand has been made, no part of the sum owed has been paid to Plaintiff of $500,000.00 plus lawful interest thereon is now due, owing and unpaid from Defendant ILLUMINA unto Plaintiff.

WHEREFORE, plaintiff prays judgment against defendants as follows:

Against defendant INC and ROES through 10 on all causes of action:

1. For monetary damages of at least $500,000.00

2. For interest at legal rate.

First Amended
Complaint
-7-

3. For costs of suit herein incurred; and

4. For such other and further relief as the court may deem proper.

DEMAND FOR JURY TRIAL

Plaintiff demands a jury trial on all issues triable to a jury.

Respectfully Submitted,

November 5, 2015

Evgeny Swarovski,

Attorney for Plaintiff

InterLabService, OOO

First Amended
Complaint
-8-

DECLARATION OF SERVICE

Person (s) Served:

 E. Joseph Connaughton/M. Jedreski/F. Karanja

 Attorneys for Illumina, Inc.

 101 West Broadway, Ninth Floor

 San Diego, CA 92101-8258)

 Date Served: 11/5/2015

  I, the undersigned declare under penalty of perjury that I am over the age of eighteen years and not a party to this action; that I served the above named person the following documents:

 First Amended Complaint

 in the following manner: (check one)

  By personally delivering copies to the person served.

  By leaving, during usual office hours, copies in the office of the person served with the person who apparently was in charge and thereafter mailing (by first-class mail, postage prepaid) copies to the person served at the place where the copies were left.

  By leaving copies at the dwelling house, usual place of abode, or usual place of business of the person served in the presence of a competent member of the household or a person apparently in charge of his office or place of business, at least 18 years of age, who was informed of the general nature of the papers, and thereafter mailing (by first-class mail, postage prepaid) copies to the person served at the place where the copies were left.

  By placing a copy in a separate envelope, with postage fully prepaid, for each address named below and depositing each in the U.S. Mail at _____ on _____ 2015

  Via ECF per Court's rules.

  X via email Joe Connaughton at jconnaughton@paulplevin.com, Rika J. Ellis at rellis@paulplevin.com, Freyaan Y. Karanjia at fkaranjia@paulplevin.com

  Executed on 11/5/2015 Moscow, Russia

By:

Evgeny Swarovski